IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ZAKIYAH RUFFIN YASHAYAHU,**

    **Plaintiff,**

v.   Case No. 4:25-cv-471-AW-MAF

**ASHENAFI N. RICHARDSON and
JENNIFER WINEGARDNER,**

    **Defendants.**

_____/

## ORDER OF DISMISSAL

Pro se Plaintiff Zakiyah Ruffin Yashayahu contends she was wrongly evicted. She sued the state-court judge who presided over the eviction (Richardson) and the property owner's lawyer (Winegardner) under § 1983. ECF No. 16. She claims that Richardson ignored filings and that Winegardner lied to the court. As relief, Yashayahu seeks reinstatement of her access to the property and money damages.

After screening the complaint, the magistrate judge issued a report and recommendation, ECF No. 30, recommending dismissal under *Rooker-Feldman*.[1] Plaintiff filed objections (ECF Nos. 38, 39, 40). After careful consideration, including a de novo review of issues raised in Plaintiff's objections, I reject the report and recommendation in part but conclude dismissal is appropriate.

---

[1] *Rooker-Feldman* refers to a doctrine based on *Rooker v. Fidelity Trust Co.* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

1

Wholesale dismissal under *Rooker-Feldman* is inappropriate. The issue requires a claim-by-claim analysis, which the magistrate judge did not undertake. The question "isn't whether the whole complaint seems to challenge a previous state court judgment, but whether resolution of each individual claim requires review and rejection of a state court judgment." *Behr v. Campbell*, 8 F.4th 1206, 1213 (11th Cir. 2021) (requiring "claim-by-claim" analysis under *Rooker-Feldman*). Courts must assess "whether the substance" of a claim "requires a district court to 'review' and 'reject' a state court judgment." *Efron v. Candelario*, 110 F.4th 1229, 1238 (11th Cir. 2024) (concluding plaintiff's claim for damages—equal to the amount awarded in the underlying action—would "negate" the underlying court's order). So I will assess Yashayahu's claims individually. Those claims, which are not particularly clear, generally assert Richardson and Winegardner violated Yashayahu's due process rights under the Fourteenth Amendment. As relief, Yashayahu seeks reinstatement of the property and $1 million in damages. ECF No. 16 at 6.

I conclude the court lacks subject-matter jurisdiction over Yashayahu's claims for reinstatement against both Winegardner and Richardson. First, because reinstatement negates eviction, Yashayahu's claim for reinstatement amounts to "a direct attack on the underlying state court decision" on eviction, *Behr*, 8 F.4th at 1210. Second, Yashayahu lacks Article III standing to seek reinstatement against Richardson and Winegardner because neither of them owns or controls the property.

*See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (explaining that redressability is an element of Article III standing).

Yashayahu's claim for damages against Winegardner and Richardson is different. Awarding Yashayahu damages would not "negate" or undo the eviction order; she would remain evicted from the property. *Behr*, 8 F.4th at 1213 (noting that claim for money damages would not undo child custody judgment, so it fell outside *Rooker-Feldman*). And there is not an Article III standing issue because money damages would redress the purported injury. So there is not a jurisdictional issue.

Nonetheless, dismissal is still appropriate because Yashayahu has not pleaded any plausible claim for relief. Judicial immunity applies to claims against Richardson. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."). Yashayahu has not pleaded that the judge acted in the "clear absence of all jurisdiction." *Id.* at 357. As to Winegardner—a private attorney—Yashayahu has pleaded no facts to support the state-actor element for a § 1983 claim. *See Harvey v. Harvey*, 949 F.2d 1127, 1130-33 (11th Cir. 1992) (noting the "rare circumstances" a private party can be viewed as a state actor and describing the demanding standard applicable to each).

In short, all claims are subject to dismissal—some for lack of jurisdiction and some on the merits. The report and recommendation (ECF No. 30) is adopted to the extent consistent with the above. It is otherwise rejected.

The clerk will enter a judgment that says, "Yashayahu's claim for reinstatement against Richardson and Winegardner is dismissed without prejudice for lack of subject-matter jurisdiction. Yashayahu's claim for money damages against Richardson and Winegardner is dismissed on the merits for failure to state a claim." The clerk will then close the file.

SO ORDERED on December 22, 2025.

s/ *Allen Winsor*
Chief United States District Judge
